| iWALTZER, Judge,
concurring in the remand with additional reasons.
I recognize the extraordinary difficulty the writer of the majority herein faced in attempting to bring some order out of the chaotic state of this record and the lack of assistance provided by counsel for the parties, despite orders from this Court.
I note that while these cases, some of which are unrelated to others, have all been filed in this Court under a single Civil Appeal number, the parties have not moved to consolidate any cases that might be appropriate candidates for consolidation.
My examination of the record, in its present state, indicates that it is likely that the cases involving the following defendants are not properly before this Court, since, according to the Minute Entries submitted by Appellant, it appears that the matters are open, and no final, appealable judgment has been entered against them: E. Westerbrook, Raymond Williams, R. Denny, C. Fincher, W. Wilson, C. Allen, C. Washington and T.J. Holmes.
It also appears that the appeals of the following persons are not before the court, their having waived their right to counsel: R. Fletcher, L. Reed, E. Tapp, I. Scott, B. Paul, R. Shallerhom and R. Hawthorne. The record also appears to |2show that B. Davis’ Rule to Show Cause was dismissed on 31 August 1979, with the notation that his ar-rearages have been paid.
The Court was also presented minute entries and identical briefs relating to appellants whose appeals have been dismissed in this Court. The briefs submitted by counsel for appellants are virtually identical, asserting the same assignments of error, although my review of the records shows that Messrs. Alexis, Harris, Denny, Knox, Morgan, Foster, Sinegar, Ellis, Dupard and Reimonenq have entered guilty pleas without mention having been made of their right to counsel; Messrs. Green, Leon(e), Jones, Mitchum, Johnson, Dorsey, Lewis, Nelson, Henry, Kelly, Pitt, Fauria, Shields and W. Holmes are shown to have entered NOT GUILTY pleas and were found guilty by the trial court, no mention having been made of their right to counsel; and Messrs. Ivey, Matthew(s), Rob-lair, Smith and Ducros are shown to have entered guilty pleas, were found guilty and entered into consent support judgments, without mention having been made of then-right to counsel. The same analysis cannot apply to these different categories of appellants.
I am troubled by the inability or unwillingness of counsel for Appellants to complete and clarify the record, eliminating irrelevant material, dismissing premature appeals and moving to consolidate those cases having common questions of law and fact. This Court can neither rule on the serious constitutional issues presented by Appellants nor can we protect the interest of the minor children whose rights to support are in jeopardy without having the opportunity to review a complete and correct record for each individual appellant.